AMELIA CARDEN, Plaintiff-Appellant, *v.* HELEN O. HUNT, Defendant-Appellee.

(No. 55035;

First District—September 15, 1971.

Daniel Nagle and George A. Collias, both of Chicago, for appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, (Thomas G. Finn and Donald J. Duffy, of counsel,) for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, Amelia Carden, appeals from a directed verdict for defendant and judgment thereon, entered in the circuit court of Cook County.

The issue on appeal is whether the trial judge properly directed a verdict in favor of the defendant based on the following facts.

This is a personal injury action brought by a tenant against her landlord. At the time of the accident the plaintiff was going down the basement stairs of her apartment building. She was a new tenant but had been down the stairs previously. The stairs led from the central lobby of the building down to a landing. Beyond the landing the stairs were winding to the left with fan-shaped treads. The stairs were narrower on the left and were wider on the right side. There was no handrail on the right side of the stairs, just bare wall. The handrail on the left was located underneath the first set of stairs. As the plaintiff stood on the landing there was a newel post next to her on her left. As she stepped down from the landing she did not touch or hold onto that post. There was no foreign substance on the step where she caught her heel.

The plaintiff described her accident as follows: "I just touched it [the handrail]. Then I don't know what happened. My heel was caught. I was thrown. * * * All I recall is being pitched out into space, not being able to catch myself in any way because there was nothing to grab and I just hit that concrete wall, I guess, that is all I remember."

The plaintiff argues that whether or not the landlord was guilty of negligence in failing to provide an adequate handrail for a stairway and whether the stairway was constructed and maintained in an unsafe and dangerous condition was a question of fact for the jury. The plaintiff maintains the dangerous condition consisted of (1) failing to have a handrail on the right side of the stairs instead of just a bare wall, (2) permitting the stairs to be constructed so the tread at the point where the plaintiff was descending is only four or five inches wide, and (3) placing the handrail so low it caused the plaintiff to have to bend and reach down while she had her foot on an extremely narrow stair tread.

In the instant case the trial court, after listening to all the testimony and viewing exhibits offered by the plaintiff, stated:

"* * * I can't find that there was anything dangerous on the surface of the treads of the stairs. As to the handrail; as to the trier of the facts, it fairly appears from Plaintiff's exhibits that if a person was standing on the landing midway from the first floor to the basement,

that one could easily reach the handrail or bannister to the left as one looked down the stairway."

The plaintiff cites 25 A.L.R.2d 374 as authority for the proposition that the construction of fan-type stairways may be a basis of liability, however no Illinois cases are cited. To the contrary, in *Field & Co. v. LeBosky*, 133 Ill.App. 316 (1907), the court considered the question of whether fan-type stairs were inherently dangerous and concluded they were not:

"Probably most houses where stairs are necessary possess stairways of similar construction. They are found everywhere in buildings, ancient and modern. Persons using them are expected to tread on the broad portion of such steps, and not attempt to find room for the feet at the post or center around which the stairs turn. * * * There are probably no stairs of whatever construction which do not call for care in their use. It is common experience that persons fall or slip on stairs where the steps are of uniform width, depth and height with straight descent, handrails and all ordinary appliances. There is no evidence here tending to show that, properly used, steps of the construction employed in the case at bar are not as safe as others. In fact they are evidently more safe at the turn if properly used by reason of their greater width of tread at the outer portion of the half circle they describe, than the ordinary straight up and down stairs of narrower step or tread. * * * We are unaware of any authorities and not one is called to our attention where it has been held that the owner or occupant of a building must provide a certain kind of stairway for use of persons desiring to go up and down, or be held guilty or negligence. It is no more negligence *per se* to use one of several ordinary and familiar forms of construction than others."

■■■ In the instant case the stairs were of ordinary construction and there was no allegation of improper lighting or a foreign substance on the stairs. Likewise, there is no allegation that the stairs were inherently dangerous if used properly. In *Pedrick v. Peoria & Eastern RR. Co.* (1967), 37 Ill.2d 494, the court held: "In our judgment verdicts ought to be directed and judgments n.o.v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

We believe this rule, when applied to the facts of this case, precludes the plaintiff from recovering from the defendant.

The judgment of the circuit court is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.