MARILEE L. ALCORN *et al.*, Plaintiffs-Appellants, v. JOSEPHINE STEP-ZINSKI, Defendant-Appellee.

Third District No. 3—88—0717

Opinion filed June 8, 1989.

Robert C. Strodel and Lindsay W. Wright, both of Strodel, Kingery & Durree, Associates, of Peoria, for appellants.

Robert D. Jackson and John A. Kendrick, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs appeal from a grant of summary judgment entered in favor of defendant. Plaintiffs contend that there were 18 material issues of fact which precluded summary judgment. We disagree and affirm.

On February 7, 1987, defendant was washing her car in her driveway, and plaintiff, Marilee Alcorn, walked by. They began discussing some silk flowers which plaintiff was to arrange for defendant in a brass planter. Defendant asked plaintiff, "Would you like to look at this container?" and plaintiff replied, "[L]et me see it." Defendant then proceeded through the garage doorway into the kitchen. She went out onto the porch, got the planter, closed the porch door, and returned to the kitchen doorway with the planter in hand. At that point, she saw plaintiff enter through the garage doorway. Defendant did not know plaintiff had followed her into the house and was surprised to see plaintiff entering the hallway

through the doorway.

The descriptive characteristics of the hallway connecting the garage and kitchen have been clearly elaborated. Photographs of the hallway have been submitted as exhibits. The entrance into the hallway from the garage contains one separate step and the floor of the hallway. The stairway to the basement is immediately adjacent to the door to the garage and along the left wall of the hallway as a person enters the premises from the garage. A door has never been installed in front of the basement stairway, and, therefore, the stairway remains open. The floor of the hallway is covered by a light-colored, no-wax Congoleum linoleum. The area of the hallway floor directly in front of the stairs has dimensions of 3 feet 2 inches (38 inches) in width and 4 feet 5 inches (53 inches) in length. This area does not constitute a separate landing for the basement stairs. The surface of the hallway floor is on a single, integrated plane proceeding to the kitchen.

Defendant testified that plaintiff entered the hallway, placed her right foot on or near the throw rug, and positioned her left foot approximately two inches over the edge of the top step of the stairway. The left foot was placed upon a metal strip on the top step of the stairway. Thereafter, plaintiff lost her balance and fell down the basement stairway immediately to her left, suffering injuries. The rug did not slip or move preceding the fall. Defendant did not give any warnings about the basement stairway to plaintiff as plaintiff entered through the garage door.

The lighting conditions in the hallway permitted an individual to become aware of the presence of the stairway. Immediately opposite the stairway, a door with a glass window had been installed which permits entrance into a glass-enclosed porch. The light from the porch shines into the basement stairway. Josephine Stepzinski related that the hallway was well lit at the time of the occurrence. Mary Osborne, a neighbor, entered the hallway and proceeded to the basement shortly after the occurrence. Mary Osborne testified that the visibility in the area was "all right" and "bright enough to see."

Defendant filed a motion for summary judgment. The affidavit of defendant and the depositions of the plaintiffs, defendant, and Mary Osborne were annexed as exhibits. The court granted summary judgment, finding "[t]hat the undisputed facts show Defendant had no duty to warn and no duty to enclose the stairway; and they do not support negligent distraction of Plaintiff, MARILEE ALCORN, by Defendant."

The plaintiffs raise 18 issues contending the issues are of mate-

rial fact. Rather than address each issue on its merits or lack thereof, we will address the findings contained in the judgment order. We find that the 18 issues fail to raise material issues of fact. In this case, defendant is and was the only competent witness to present testimony as to how the incident occurred. Plaintiff, Marilee, experienced retrograde amnesia and could recall nothing concerning the events of the entire day of February 7, 1987. Furthermore, no expert testimony was submitted to suggest some danger or hazard beyond the ken of an ordinary person. For the reasons stated below, the trial court was correct when it found that the facts were undisputed and concluded that as a matter of law there was no negligent distraction by defendant nor duties extant.

■ In *Econo Lease v. Noffsinger* (1976), 63 Ill. 2d 390, 393, our supreme court stated:

"A motion for summary judgment will be granted if the pleadings, depositions, admissions and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to a judgment or decree as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3); *Carruthers v. B.C. Christopher & Co.*, 57 Ill. 2d 376.) A reviewing court must reverse an order granting summary judgment if it is determined that a material question of fact does exist."

It is also noted, as stated in *Peltz v. Chicago Transit Authority* (1975), 31 Ill. App. 3d 948, 951:

"Merely alleging that a genuine issue of material fact exists without presenting any statement of fact to contradict the defendants' version, does not thereby create such an issue.
\* \* \*

If there are no facts in dispute, inferences may be drawn from the undisputed facts to determine if the defendant is entitled to judgment as a matter of law. If no fair-minded person could draw different inferences from these facts, then there is no triable issue and the motion for summary judgment should be granted. (*Southland Corp. v. Village of Hoffman Estates* (1970), 130 Ill. App. 2d 311, 264 N.E.2d 451.) This does not prejudice the party against whom judgment is granted since the same undisputed facts would support entry of a judgment at the conclusion of that party's case."

The court in *Doherty v. Kill* (1986), 140 Ill. App. 3d 158, 162 set forth:

"In determining whether an issue of material fact exists, the evidence must be viewed in a light most favorable to the

nonmovant. \*\*\* Even if there is some evidence from which differing inferences might be drawn, this is not significant so long as there is a reasonable basis in substantial evidence to support the inference that is drawn. *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 12, 365 N.E.2d 1045.''

The Appellate Court for the Second District in *Whitman v. Lopatkiewicz* (1987), 152 Ill. App. 3d 332, affirmed the trial court's grant of summary judgment when the plaintiffs were unable to present any substantive evidence of duty, breach thereof, and proximate cause. The plaintiffs pulled out from a stop sign and were injured when the respective cars collided. The defendant had the right-of-way, and the plaintiffs could not refute defendant's factual rendition of what happened because neither of the plaintiffs saw defendant's car until after the collision. Based upon the undisputed testimony of the defendant, summary judgment was granted. This court stated as follows:

"Plaintiffs must come forward with evidence of negligence on the part of the defendant and with evidence that defendant's negligence was a proximate cause of the plaintiffs' injuries. As the court stated in *Koukoulomatis v. Disco Wheels, Inc.* (1984), 127 Ill. App. 3d 95, 101, 'In order to prevent the entry of a summary judgment, the nonmoving party must present a *bona fide* factual defense and not hide behind equivocations and general denials.' \*\*\*

\*\*\*

\*\*\* It is fundamental, however, that there can be no recovery in tort for negligence unless the defendant breached a duty owed to the plaintiff. [Citation.]

\*\*\*

No presumption of negligence arises from the mere happening of an accident. [Citation.] Negligence is not presumed but must be proved as a fact by the party alleging it. [Citation.]

The jury must base its decision on evidence and not on guess or speculation. [Citation.] Liability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that defendant's acts caused the injury." *Whitman*, 152 Ill. App. 3d at 336-38.

We now will review the merits of the case to determine if, as a matter of law, defendant was entitled to judgment.

In *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, the supreme court stated that the proper standard of care was and is

contained in section 343 of the Restatement (Second) of Torts. Said section provides:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) Fails to exercise reasonable care to protect them against the danger." (Restatement (Second) of Torts §343 (1965).)

The Premises Liability Act (Act) (Ill. Rev. Stat., 1984 Supp., ch. 80, par. 300 *et seq.*) abolished the distinction between the duties owed to an invitee or licensee by an owner or possessor of land. The Act did not alter the duty owed to an invitee. (*Icenogle v. Myers* (1988), 167 Ill. App. 3d 239, 243.) We shall consider plaintiffs' allegations within the above parameters.

Plaintiffs allege three acts of negligence. The first act was set forth as follows:

"Defendant negligently failed to warn the Plaintiff of a hazardous and unreasonably dangerous condition inside the doorway aforescribed to wit: an open stairway leading to a basement; such hazardous and dangerous condition being known to the Defendant or being one that she should have known."

The plaintiffs neither allege nor establish factually anything extraordinary about the stairs in question. There is nothing contained in the record to suggest that the stairs were improperly designed, improperly or inadequately lighted, covered with a foreign substance, or that they were slippery. In the vernacular, they were just stairs. (*Carden v. Hunt* (1971), 1 Ill. App. 3d 937, 939.) As such, it is conceded that there is a risk of harm. However, the standard is an *unreasonable risk* of harm. (Restatement (Second) of Torts §343A (1965).) Because the stairs did not constitute an unreasonable risk of harm, it is immaterial whether defendant knew or should have known of the condition of the stairs. The trial court was correct in granting summary judgment as there was no duty under this allegation as a matter of law. *Turner v. Chicago Housing Authority* (1956), 11 Ill. App. 2d 160; *Carden*, 1 Ill. App. 3d at 939.

The second alleged act of negligence was set forth as follows:

"Defendant negligently permitted a hazardous and dangerous condition to exist, namely, an open and unguarded basement stairway immediately to the left of the doorway, so as to provide a dangerous condition for one entering said doorway *** ."

As stated previously, the undisputed facts establish the stairs were just stairs. There was no expert testimony to raise any issue of fact as to whether the stairs were situated in such a way as to constitute an unreasonable risk of harm. Plaintiffs fail to cite authority in support of this proposition. Our research has failed to unearth any case law which would logically, implicitly, or inferentially support their proposition. To the contrary, our research indicates that the configuration of a stairway may be dangerous only if the configuration masks or obscures the stairs in a way which prevents the invitee from becoming aware of the open and obvious configuration of the stairway. *Allgauer v. Le Bastille, Inc.* (1981), 101 Ill. App. 3d 978, 981; *McGinty v. Nissen* (1984), 127 Ill. App. 3d 618.

The undisputed facts in this case establish that the stairs were not configured in a manner which masked or obscured them. There is no evidence here tending to show that, properly used, a stairway of the configuration extant here is not as safe as others. We are unaware of any authorities that have held that the owner or occupant of a building must provide a certain kind of stairway for persons or be held guilty of negligence. (*Carden*, 1 Ill. App. 3d at 939.) To hold otherwise would make every landowner an absolute insurer for all injuries occurring on his stairs. (*Turner*, 11 Ill. App. 2d at 167; *Bonamie v. Welsh* (1981), 95 Ill. App. 3d 349, 350.) The trial court was correct in granting summary judgment as there was no duty under this allegation as a matter of law.

■ The third allegation of negligence is set forth as follows:

"Defendant negligently detracted [*sic*] Plaintiff's attention to the dangerous open stairway as Plaintiff entered the premises by approaching Plaintiff to show her an object which Defendant held in her hand."

The plaintiff has made a convoluted argument regarding distraction. The plaintiff confuses "distraction," which may be relevant and material to the issue of contributory negligence, and "distraction," which may create a duty to warn or to take other action on the part of the landowner to protect the invitee upon the land. In discussing known or obvious dangers, the Restatement (Second) of Torts states:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land

whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (Restatement (Second) of Torts §343A(1) (1965).)

Comment *f* to the Reporter's notes to section 343A indicates that a possessor of land may be under a duty of care to an invitee who knows of danger on the possessor's premises if the possessor "has reason to expect that the invitee's attention *may be distracted,* so that he will not discover what is obvious, or *will forget what he has discovered, or fail to protect himself against it.*" (Emphasis added.) (Restatement (Second) of Torts §343A, comment *f,* at 220-21 (1965).) The trial court found and determined that the facts did not support negligent distraction of plaintiff, Marilee Alcorn, by defendant. Again, looking at the uncontroverted facts in the case, we determine that no fair-minded person could draw different inferences from these facts; there is no triable issue, and the motion for summary judgment should be granted. (*Southland Corp. v. Village of Hoffman Estates* (1970), 130 Ill. App. 2d 311.) Applying the test formulated in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, "Does all the evidence, viewed in its aspect most favorable to the opponent, so overwhelmingly favor the movant, that any other verdict would not be permitted to stand?" (*Weber v. Northern Illinois Gas Co.* (1973), 10 Ill. App. 3d 625, 635), we believe summary judgment was properly entered on behalf of defendant.

The facts in this case do not support a determination that defendant intentionally did acts which would have distracted plaintiff, thereby causing a misstep and the consequent injuries. The facts relate that defendant was carrying a brass planter to plaintiff for her inspection. Such an activity would not put a reasonable person on notice that the invitee would be distracted from an open and obvious danger requiring a duty to warn or protect the invitee. The facts disclose that in the short time span in which this accident occurred, it would be unreasonable to place upon defendant a duty to warn plaintiff that she was about to make a misstep or protect her from the consequences of doing so. Were we to hold otherwise, all homeowners would be liable in negligence for every injury arising out of an open or obvious danger because of their inability or disability to communicate a warning of risk of impending harm. In *Shaffer v. Mays* (1986), 140 Ill. App. 3d 779, 782, the court discussed comment *f* of section 343A and opined that if the defendant had reason to expect that the plaintiff would likely be distracted, then a duty of due care would arise. Based upon the facts in this case we find that as a matter of law it is unreasonable to conclude a reasonable per-

son would anticipate the harm incurred by plaintiff. Therefore, the trial court was correct in determining that there was no negligent distraction of plaintiff by defendant, and summary judgment was appropriate.

Plaintiff Marilee's cause of action in tort was correctly disposed of by way of summary judgment in favor of defendant. Therefore, the husband's derivative cause for loss of consortium was correctly disposed of by a summary judgment in favor of defendant. *Brown v. Metzger* (1983), 118 Ill. App. 3d 855, *aff'd* (1984), 104 Ill. 2d 30.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

DUNN and INGLIS, JJ., concur.