IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 12, 2011 Session

## MARGARET A. NORFLEET v. PULTE HOMES TENNESSEE LIMITED PARTNERSHIP

**Appeal from the Circuit Court for Davidson County**
**No. 08C1435      Hamilton Gayden, Jr., Judge**

---

**No. M2011-01362-COA-R3-CV - Filed November 9, 2011**

---

While touring a model home in a new residential home development, the plaintiff fell when she failed to see a four-inch step as she walked from the foyer into the sunken living room. This premises liability action followed. The defendant constructed, owned, and managed the model home in which the plaintiff fell. Upon motion of the defendant, the trial court summarily dismissed the complaint upon two findings: that the defendant did not owe a legal duty to the plaintiff and that the plaintiff was more than fifty percent at fault. We affirm upon the finding that the plaintiff cannot establish that a duty was owed to her by the defendant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Tim L. Bowden, Goodlettsville, Tennessee and William K. Lane, Franklin, Tennessee, for the appellant, Margaret A. Norfleet.

Russell B. Morgan and Frankie N. Spero, Nashville, Tennessee, for the appellee, Pulte Homes Tennessee Limited Partnership.

**OPINION**

On May 13, 2007, Margaret Norfleet[1] went with her daughter to visit an open house of model homes at Creekside Community of Brentwood, a residential home development. The model homes and the residential development were constructed, owned, and operated by Pulte Homes Tennessee Limited Partnership. The open house included two model homes.

---

[1]Plaintiff was seventy-eight years of age at the time of the incident.

After Plaintiff and her daughter visited the first model home, which contained the sales office, they went next door to view the second model home. Upon entering the home, Ms. Norfleet and her daughter stood in the foyer. The foyer adjoined a living room, which was on a slightly lower level requiring a person to take a step down into the living room. The step was approximately four inches high. Ms. Norfleet's daughter proceeded into the living room, but Ms. Norfleet did not see her daughter take the step down. Ms. Norfleet then entered the living room, missed the step, and fell into the room striking a chair.

A sign reading "Please watch your step" was in a picture frame sitting on a small table near the step. Neither Ms. Norfleet nor her daughter noticed the sign prior to the fall, and both stated that the sign was not facing the foyer.

On May 7, 2008, Ms. Norfleet filed this action against Pulte Homes alleging that the step was a defective condition because "the design of the step-down along with the finish of the hardwood floors made the step-down invisible to the naked eye." An amended complaint was filed on February 28, 2011, stating the step was an "unreasonably dangerous condition" and that Pulte Homes was negligent "in failing to warn of or make safe . . . the unreasonably dangerous multi level condition of the floor which proximately caused [Ms. Norfleet] to fall." Pulte Homes (hereinafter "Defendant") filed an answer denying liability and raising the affirmative defense of comparative fault.

Defendant subsequently filed a motion for summary judgment asserting that it was entitled to summary judgment for two reasons:[2] that it did not owe a legal duty to Ms. Norfleet and that Ms. Norfleet was at least fifty percent at fault for her fall and resulting injuries which barred any recovery under comparative negligence. Following a hearing, the trial court issued an order on June 3, 2011, in which it summarily dismissed the action finding that Defendant did not owe Ms. Norfleet a legal duty and that Ms. Norfleet was more than fifty percent at fault for her injuries and was barred from recovery. Ms. Norfleet filed a timely appeal.

## STANDARD OF REVIEW

Summary judgment is appropriate in virtually all civil cases that can be resolved on the basis of legal issues alone, *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001). The party seeking summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that it is entitled to judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

---

[2]The motion was filed on February 28, 2011.

To be entitled to summary judgment, the moving party must affirmatively negate an essential element of the nonmoving party's claim *or* show that the moving party cannot prove an essential element of the claim at trial. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). Therefore, as the moving party in this action, Defendant has the burden to *negate* an essential element of Ms. Norfleet's claim *or* establish that Ms. Norfleet *cannot prove* an essential element of the claim at trial. *See Martin*, 271 S.W.3d at 83 (citing *Hannan v. Alltel Pub. Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd*, 847 S.W.2d at 215 n.5). Therefore, Defendant is required to shift the burden of production to Ms. Norfleet by either affirmatively negating an essential element of Ms. Norfleet's claim or showing that Ms. Norfleet cannot prove an essential element of her claim at trial. *Martin*, 271 S.W.3d at 83; *Hannan*, 270 S.W.3d at 8-9; *McCarley*, 960 S.W.2d at 588.

## ANALYSIS

In a negligence case such as this, the plaintiff has the burden to prove by a preponderance of the evidence five essential elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause. *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 819 (Tenn. 2008); *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998); *Bradshaw v. Daniel,* 854 S.W.2d 865, 869 (Tenn.1993).

The essential element at issue in this appeal is that of duty. Whether a defendant owed or assumed a duty of care to a particular plaintiff is a question of law for the court to decide. *Downs*, 263 S.W.3d at 819-20. In deciding whether a defendant owed a duty of care, a legal duty to a plaintiff in a particular action, the court is to determine "whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant." *Rice*, 979 S.W.2d at 308 (citing *Bradshaw*, 854 S.W.2d at 870) (quoting W. Page Keeton, *Prosser & Keeton on Torts*, § 37 at 236 (5th ed.1984)).

Ms. Norfleet contends Defendant owed her a duty and that its conduct fell below the standard of care amounting to a breach of its duty for three principal reasons. One, the step from the foyer to the sunken living room constitutes a dangerous condition. Two, even if the step was an open and obvious danger, Defendant owed a duty to warn her or otherwise protect her from the danger presented by the step. Three, Defendant knew that a potentially dangerous condition was foreseeable because it placed a sign on the table near the step warning visitors of the danger the step presented.

Defendant insists a step in a home does not constitute an inherently dangerous condition, thus no duty was owed to Ms. Norfleet. Further, it insists that Ms. Norfleet failed to see what was in plain sight in front of her, meaning the step, and her "complete lack of attention" to where she was walking bars any recovery under comparative fault. Our analysis follows.

In a premises liability case such as the case at bar, "an owner or occupier of premises has a duty to exercise reasonable care with regard to social guests or business invitees on the premises."[3] *Rice*, 979 S.W.2d at 308. "The duty includes the responsibility to remove or warn against latent or hidden dangerous conditions on the premises of which one was aware or should have been aware through the exercise of reasonable diligence." *Id.* (citing *Blair v. Campbell,* 924 S.W.2d 75, 76 (Tenn. 1996); *Eaton v. McLain,* 891 S.W.2d 587, 593–94 (Tenn. 1994)). Further, depending on the facts, a duty to warn may exist even though the condition is open and obvious. *Id.* (citing *Coln v. City of Savannah*, 966 S.W.2d 34, 43 (Tenn. 1998)).

Although premises owners owe a duty to warn of "latent or hidden dangers," courts have repeatedly held that stairs and steps in homes "are not inherently dangerous" in and of themselves. As the Supreme Court explained in *Eaton*, stairs in a home are not inherently dangerous because they are a common feature of many homes. *Eaton,* 891 S.W.2d at 595 (citing *Alcorn v. Stepzinski*, 540 N.E.2d 823, 826 (Ill. App. Ct. 1989); *Duckers v. Lynch*, 465 P.2d 945, 950 (Kan. 1970)). As the Supreme Court of Florida held in *Casby v. Flint*, which was cited with favor by our Supreme Court in *Eaton*: "Multiple floor levels in a dimly lit or overcrowded room are not inherently dangerous conditions. They are so commonplace that the possibility of their existence is known to all. Warning of such common conditions goes beyond the duty of reasonable care owed to the invitee." *Casby v. Flint*, 520 So. 2d 281, 282 (Fla. 1988); *see Eaton*, 891 S.W.2d at 595 n.16. Because steps and stairs in homes are *not* inherently dangerous, our Supreme Court held that the plaintiff in such cases must "submit legally sufficient evidence as to the duty element" to establish the essential element that a duty is owed. *Eaton*, 891 S.W.2d at 595.

To appreciate this principle, we need to focus on the facts presented in *Eaton* and the burden placed on the plaintiff to establish why the defendants owed her a duty as it pertained to the stairway. The plaintiff in *Eaton* was injured when she fell down a stairway at the home of her daughter and son-in-law in the early hours of the morning. *Id.* at 588. Prior to her fall,

---

[3] When the opinion in *Eaton* was filed, "the premises owner's general duty to provide reasonably safe premises to *social guests* ha[d] been in place for only a relatively short period of time in Tennessee, and thus there ha[d] been no case law indicating the specific parameters of [the duty to social guests]." *Eaton*, 891 S.W.2d at 594 (emphasis added).

she had been sleeping in her granddaughter's bedroom, which was directly across the hall from two "virtually identical doors" next to each other. *Id*. One door opened into the bathroom and the other door led to the stairs to the basement. *Id*. After the plaintiff had gone to sleep, her daughter closed both the door to the bathroom and the door to the basement and turned off the hallway lights. *Id*. at 589. The plaintiff awoke early the next morning and headed to the bathroom without turning on the hallway lights; when she mistakenly opened the door that led to the basement and stepped inside, she fell down the stairs sustaining injuries. *Id*.

An action was filed in which the plaintiff alleged that her daughter and son-in-law were negligent in turning the hallway and bathroom lights off, in failing to provide a working lock on the basement door, and in failing to warn her of the location of the stairs. *Id*. The jury attributed 40% of the fault to the plaintiff and 60% to the defendants. *Id*. The Court of Appeals reversed the judgment and dismissed the action based upon two reasons: first, that the plaintiff was barred from recovery because the overwhelming evidence was that the plaintiff's fault was greater than that of the defendants, and second, that the evidence did not support a finding that the defendants owed a legal duty to plaintiff. *Id*.

Our Supreme Court affirmed the decision of the Court of Appeals, holding that the plaintiff "failed to submit legally sufficient evidence as to the duty element of her claims of negligence." *Id*. at 593. The Supreme Court held that the duty the defendants owed to the plaintiff was a "duty to maintain the premises in a reasonably safe and suitable condition," which included "the responsibility of either removing or warning against any latent dangerous condition on the premises of which the [defendants] were aware or should have been aware through the exercise of reasonable diligence." *Id*. at 593-94 (citing *Teal v. E.I. DuPont de Nemours and Co.*, 728 F.2d 799 (6th Cir. 1984); *Dawson v. Sears, Roebuck & Co.*, 394 S.W.2d 877 (Tenn. 1965); *Chambliss v. Shoney's Inc.*, 742 S.W.2d 271 (Tenn. Ct. App. 1987)).

In its examination of the duty issue in *Eaton*, the Court noted that the proper analysis to be used in determining the scope of the duty of care in a negligence case was set forth in *Doe v. Linder Constr. Co.*, 845 S.W.2d 173 (Tenn. 1992), which states:

> The term reasonable care must be given meaning in relation to the circumstances. Ordinary, or reasonable, care is to be estimated by the risk entailed through probable dangers attending the particular situation and is to be commensurate with the risk of injury. The risk involved is that which is foreseeable; a risk is foreseeable if a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable. Foreseeability is the

test of negligence. If the injury which occurred could not have been reasonably foreseen, the duty of care does not arise, and even though the act of the defendant in fact caused the injury, there is no negligence and no liability. 'The plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the [defendant's] power more probably than not would have prevented the injury.'

*Id.* at 594 (quoting *Doe*, 845 S.W.2d at 178) (internal citations omitted in original).[4]

Based upon the above quoted principles, the Court in *Eaton* concluded that whether the defendants' general duty of care encompassed the duty to guard against the acts of the plaintiff involved "an analysis of the foreseeability of the risk to which [plaintiff] was exposed." The Court went on to explain the dispositive issue was "whether the [defendants'] duty to maintain reasonably safe premises included the specific responsibility to leave the lights on, lock the basement door, or warn of the location of the staircase." *Id*. at 594. To determine whether such a duty was owed, the Court stated the pertinent question was whether "there was any showing from which it can be said that the defendants reasonably knew or should have known of the probability of an occurrence such as the one which caused the plaintiff's injuries. *Id*. (citing *Doe*, 845 S.W.2d at 178). The Court answered holding that it was not foreseeable that the plaintiff would get out of bed in the darkness, walk across the hall, and step into the basement stairwell without turning on any lights to ascertain where she was going. *Id*. Further, the Court specifically held that "because stairs descending from a hallway to a basement are a common feature of many homes and they are not inherently dangerous" the defendants "did not have a duty to warn [the plaintiff] of the location of the stairs" *Id*. at 595.

As was the case in *Eaton*, where the Supreme Court found it was not "reasonably foreseeable" that the plaintiff would open a door and step forward into a dark space without turning on a light, we find it was not "reasonably foreseeable" that Ms. Norfleet would fail to pay attention to where she was walking in a home she had never been before and, instead, choose to walk forward from the foyer into the living room while looking up and to the right and left to view the amenities.

---

[4]In a more recent opinion discussing the issue of foreseeability, the Supreme Court went on to explain that "foreseeability alone does not create a duty to exercise reasonable care." *Downs,* 263 S.W.3d at 820. "If the risk is foreseeable, then courts should weigh the remaining factors to determine if an imposition of duty is justified. In the end, whether a defendant owed or assumed a duty of care to a plaintiff is a question of law for the court to decide." *Downs* at 820-21 (other citations omitted).

Ms. Norfleet, however, citing to *Jackson v. Bradley*, insists it was foreseeable that a person might be distracted by unfamiliar surroundings, and such distraction should be accounted for when determining whether it was foreseeable that an injury could occur from a person missing the step. In *Jackson*, the court held that while an uneven depression in a parking lot, which – unlike here – constituted "a dangerous condition," was open and obvious, a duty to warn still arose because the plaintiff was reasonably distracted by traffic in the parking lot and the baseball clinics that were the reason for the parking lot's use. *Jackson*, 987 S.W.2d. 852, 854 (Tenn. Ct. App. 1998). We find the facts presented here are distinguishable from *Jackson* and similar to *Young v. First Bank of Tennessee*, No. E2010-01434-COA-R3CV, 2011 WL 332700 (Tenn. Ct. App. Jan. 28, 2011).

In *Young*, the plaintiff filed a premises liability action against First Tennessee after she tripped over a curb in the bank's parking lot and fell. *Young*, 2011 WL 332700, *1. The plaintiff alleged that the bank was negligent in creating or maintaining a dangerous condition. *Id*. The trial court summarily dismissed the action upon the finding that the plaintiff could not prove that the bank owed her a legal duty and that the bank's alleged failure to warn was not the cause in fact of her injury. *Id*. at *2. On appeal, we affirmed finding that the bank did not owe a legal duty to the plaintiff because "the curb was visible and gave rise to no duty to warn and further that *the plaintiff's failure to look where she was going was the cause of her accident rather than breach of any duty to warn that, theoretically, may have existed*." *Id*. at *4 (emphasis added).

The "distraction" as urged by Ms. Norfleet was the unfamiliar surroundings of the model home. However, a premises owner is not under a duty to warn of every aspect of a premises that may be unfamiliar. To quote *Eaton*: "To hold otherwise would necessarily cast the premises owner in the role of an absolute insurer of the social guest's safety, which is not contemplated by our negligence law." *Eaton*, 891 S.W.2d at 595.

Ms. Norfleet also points to the "Please watch your step" sign placed in the room as evidence that Defendant foresaw the danger of the step. We respectfully disagree finding that the mere placement of an innocuous "watch you step" sign does not make an otherwise non-dangerous condition dangerous.

There are circumstances in which stairs or steps may constitute dangerous conditions that give rise to a duty to warn. *See Simmons v. Sears, Roebuck and Co.*, 713 S.W.2d 640, 641 (Tenn. 1986) (stating debris on stairwell could be termed a dangerous condition giving rise to a duty to warn); *Daniels v. Davis*, Nos. No. 01A01-9702-CV-00068, 92C-215, 1997 WL 576342, at *3 (Tenn. Ct. App. Sept. 17, 1997) (holding homeowner had a duty to warn

of removal of handrails or provide reasonable substitute on stairs frequently used by guests to enter and exit home). However, the facts in those cases are readily distinguishable from the undisputed facts in this case.

Stairs and steps are a common feature in homes and are not inherently dangerous in and of themselves; as a consequence, the mere existence of the step from the foyer to the living room does not constitute a dangerous condition. As the Florida Supreme Court stated, steps in homes are so commonplace, warning visitors of their locations goes beyond the duty of reasonable care. *Casby*, 520 So. 2d at 282. Accordingly, unless Ms. Norfleet satisfied her burden to "submit legally sufficient evidence as to the duty element of her claims of negligence" no duty existed. *Eaton* at 593. She did not. Therefore, as a matter of law, Ms. Norfleet failed to establish an essential element of her claim, that of a duty owed to her by Defendant as it pertained to the step from the foyer to the sunken living room.

For the foregoing reasons, the trial court correctly held that Ms. Norfleet cannot establish the essential element of legal duty and summarily dismissed her claim.[5]

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellant.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[5]Our decision that Ms. Norfleet cannot meet the essential element of duty renders the other issues, specifically the issue of comparative fault, moot; thus, they are not discussed in this opinion.