LAWRENCHUK v RIVERSIDE ARENA, INC

Docket No. 178682. Submitted October 17, 1995, at Lansing. Decided November 28, 1995, at 9:10 A.M.

Sharon Lawrenchuk brought an action in the Wayne Circuit Court against Riverside Arena, Inc., alleging that she was injured at the defendant's roller-skating rink as the result of the defective design of the rink, in particular a step between the skating area and a carpeted aisle. The court, Richard C. Kaufman, J., granted summary disposition for the defendant on the basis of the plaintiff's failure to provide expert testimony regarding the alleged design defect. The plaintiff appealed.

The Court of Appeals *held:*

A plaintiff who alleges negligent design of a building must provide expert testimony regarding the unreasonableness of the design as part of the prima facie case. In the absence of expert testimony providing standards for evaluating the relevant risks and advantages of a particular design, the jury would be denied an objective framework by which to evaluate the plaintiff's claim, thus precluding any genuine determination whether the design was unreasonable.

Affirmed.

NEGLIGENCE — BUSINESS INVITEES — DEFECTIVE BUILDING DESIGN — EXPERT TESTIMONY.

A business invitee who brings an action against the invitor for injury resulting from an alleged defective design of the invitor's building must present expert testimony regarding the unreasonableness of the design; failure to present such testimony entitles the defendant to summary disposition.

*Robert L. Baker,* for the plaintiff.

*Anselmi & Mierzejewski, P.C.* (by *Kurt A. Anselmi*), for the defendant.

REFERENCES

Am Jur 2d, Expert and Opinion Evidence § 342.
See ALR Index under Expert and Opinion Evidence.

Before: MacKenzie, P.J., and Fitzgerald and J. P. O'Brien,* JJ.

Per Curiam. Plaintiff appeals as of right the order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) in this negligence action that arose as a result of injuries suffered by plaintiff when she fell while stepping down from the rink area onto the carpet at defendant's roller-skating rink. Plaintiff's complaint alleged that defendant failed to warn of a dangerous condition and that the rink was defectively designed. Following discovery, the trial court granted partial summary disposition pursuant to MCR 2.116(C)(10) of plaintiff's claim of failure to warn on the basis of plaintiff's admission that she was aware of the existence of the step. Defendant filed a second motion for summary disposition pursuant to MCR 2.116(C)(10) regarding plaintiff's remaining design defect claim. The lower court granted the motion on the basis of plaintiff's failure to provide expert testimony with respect to whether the step and the lack of handrails constituted a design defect. On appeal, plaintiff challenges only the order granting summary disposition of the design defect claim. We affirm.

The specific question presented is whether expert testimony is required to support a claim of defective design. To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) causation; and (4) damages. *Schultz v Consumers Power Co,* 443 Mich 445, 449; 506 NW2d 175 (1993). A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

only if he: (a) knows of, or by the exercise of reasonable care would discover, the condition and should realize that it involves an unreasonable risk of harm to such invitees; (b) should expect that they will not discover or realize the danger or will fail to protect themselves against it; and (c) fails to exercise reasonable care to protect them against the danger. *Riddle v McLouth Steel Products Corp,* 440 Mich 85; 485 NW2d 676 (1992).

In the present case, plaintiff contends that defendant breached its common-law duty to exercise reasonable care in the design of the roller-skating rink because skaters had to negotiate a step without adequate handrails between the skating area and the carpeted aisle. However, Michigan courts have yet to address the issue whether a plaintiff alleging negligent design is required to provide expert testimony regarding the unreasonableness of the design as part of the prima facie case.

In other states where the issue has been addressed, the courts have held that a plaintiff must produce expert testimony where a breach of duty based on a design defect in a building is alleged. In *Alcorn v Stepzinski,* 185 Ill App 3d 1, 7; 540 NE2d 823 (1989), the court stated:

> [T]he undisputed facts establish the stairs were just stairs. *There was no expert testimony* to raise any issue of fact as to whether the stairs were situated in such a way as to constitute an unreasonable risk of harm. . . . Our research indicates that the configuration of a stairway may be dangerous only if the configuration masks or obscures the stairs in a way which prevents the invitee from becoming aware of the open and obvious configuration of the stairway. [Emphasis added.]

The *Alcorn* court concluded that the lower court properly granted summary disposition for the de-

fendant, because "[t]o hold otherwise would make every landowner an absolute insurer for all injuries occurring on his stairs." *Id.*

Similarly, in *Glass v Morgan Guaranty Trust Co,* 238 Ill App 3d 355; 606 NE2d 384 (1992), the plaintiff maintained that the handrails on the stairs on which she fell were badly designed because they were too wide for her to grasp as she fell. The court stated:

> [Plaintiff] did not produce any expert affidavits or other evidence to support the bare assertion that the width of the rail made it unreasonably dangerous because a human hand could not grasp it while falling. Moreover, she admittedly had both hands full, which meant that she was not using the bannister to aid her descent. We must conclude, therefore, that nothing in the record establishes a triable issue as to the condition of the handrails. [*Id.* at 358.]

As in *Glass,* plaintiff was not using the barrier wall for support and did not provide any expert testimony to support her assertion that the wall was "too low."

The analysis in the above cases is consistent with our Supreme Court's statement in *Glittenberg v Doughboy Recreational Industries (On Rehearing),* 441 Mich 379, 396; 491 NW2d 208 (1992), that "[o]bviousness of danger is merely one factor in the analysis of whether a design is reasonable." In the absence of expert testimony providing standards for evaluating the relevant risks and advantages of this particular rink design, a jury would be denied an objective framework by which to evaluate plaintiff's claim, thus precluding any genuine determination whether the design was unreasonable.

Although *Glittenberg* was a product liability

case involving diving injuries, no logical ground exists on which to distinguish a swimming pool from a roller-skating rink for the purpose of analysis. Both are relatively simple permanent or semi-permanent structures built to design specifications subject to governmental regulation.[1] Both involve an inherent risk of injury in the frequent ingress and egress from an area in which a potentially hazardous recreational activity takes place. The analogy is further supported by *Novotney v Burger King Corp (On Remand),* 198 Mich App 470, 474; 499 NW2d 379 (1993), which recognized the applicability of the *Glittenberg* holding to premises liability cases. In *Novotney,* this Court made the observation that "[a] sidewalk, with a handicap access ramp, is for all practical purposes a simple product." *Id.* at 474. The same reasoning applies to a step.

As *Novotney* demonstrates, product liability design defect analysis is appropriately applied in cases alleging defective design of a building where "the ultimate inquiry . . . is the safety of the overall design." *Glittenberg, supra* at 397. A plaintiff who claims that a product was defectively designed has the burden of producing evidence of the magnitude of the risk posed by the design, alternatives to the design, or other factors concerning the unreasonableness of the risk of a particular design. *Owens v Allis-Chalmers Corp,* 414 Mich 413, 429-432; 326 NW2d 372 (1982). Consequently, plaintiff must produce expert testimony demonstrating that the step and openings between the skating area and the carpeted aisle constituted an unreasonable risk to patrons of the rink. In determining whether a defect exists, the trier of fact must balance the risk of harm occa-

---

[1] With regard to roller-skating rinks, see MCL 445.1721 *et seq.*; MSA 18.485(1) *et seq.*

sioned by the design against the design's utility. *Prentis v Yale Mfg Co*, 421 Mich 670, 688-689; 365 NW2d 176 (1984). As noted by the trial court, there may be some significant value in having the skating area elevated above the rest of the premises that may offset the risk of a patron falling. Therefore, a jury would not be capable of determining whether the height difference was unreasonable in the absence of expert testimony with regard to the relative merits of an elevated rink when compared to one that is level with the surrounding area. Accordingly, in the absence of expert testimony, the trial court properly granted summary disposition for defendant.[2]

Affirmed.

---

[2] Plaintiff misconstrues the significance of an obvious danger in design defect analysis. Although obviousness of the danger is one factor in design defect cases, the determination whether a danger is obvious is a significant factor only in failure to warn cases. *Glittenberg, supra* at 394-395. Plaintiff's failure to warn claim was summarily dismissed by the trial court. Likewise, cases involving alleged negligent failure to maintain are not applicable in design defect cases.