ESTATE OF Beatrice M. TRIPLETT, Deceased and Estate of Christina Marie Triplett, Deceased, through their Personal Representative, Pamela Triplett, and Estate of Katrice Denise Riley, Deceased, through her Personal Representative, Rufus Riley, Plaintiffs,

v.

GENERAL ELECTRIC COMPANY, a New York Corporation and Advance Transformer Co., an Illinois Corporation, Jointly and Severally, Defendants.

No. 5:95–CV–81.

United States District Court,
Western District of Michigan
Southern Division.

July 15, 1996.

Richard R. Mannausa, Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick, Detroit, MI, for Plaintiffs.

Boleslaus I. Stanczyk, Plunkett & Cooney, PC, Detroit, MI, Thomas G. Cardelli, Cardelli, Schaefer & Mason, PC, Royal Oak, MI, for Defendants.

BENJAMIN F. GIBSON, District Judge.

Defendant Advance Transformer Co. ("Advance") requests summary judgment in this product liability action arising out of a fire. For the following reasons, the Court will grant in part and deny in part Advance's motion for summary judgment.

I.

On May 20, 1992, a fire broke out in the home of Veretta Triplett. The parties agree that the fire originated in the living room. As a result of the fire, Beatrice Triplett and

her two children, Christina Triplett and Katrice Riley, were killed.

Plaintiffs filed this lawsuit on behalf of the decedents' estates claiming that a ballast incorporated in a fluorescent light in the living room overheated and caused the fire.

## II.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir.1988). In ruling on a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989).

## III.

In this product liability action, plaintiffs allege manufacturing defect, under both breach of implied warranty and negligence theories, and design defect, under both breach of implied warranty and negligence theories, as well as failure to warn.

### A.

■ Plaintiffs first allege manufacturing defect under a breach of warranty theory. "A breach of warranty claim tests the fitness of the product and requires that the plaintiff 'prove a defect attributable to the manufacturer and causal connection between that defect and the injury or damage of which [the plaintiff] complains.'" *Gregory v. Cincinnati Inc.*, 450 Mich. 1, 538 N.W.2d 325, 329 (quoting *Piercefield v. Remington Arms Co.*, 375 Mich. 85, 98–99, 133 N.W.2d 129 (1965)). Accordingly, "plaintiff need only establish that the defect was attributable to the manufacturer, regardless of the amount of care utilized by the manufacturer." *Smith v. E.R. Squibb & Sons*, 405 Mich. 79, 273 N.W.2d 476, 479–480 (1979). For any manufacturing defect claim, plaintiff must show that the product was defective when it left the manufacturer. *Holloway v. General Motors Corp.*, 403 Mich. 614, 271 N.W.2d 777, 780 (1978).

■ Advance argues that plaintiffs cannot establish a prima facia case of manufacturing defect against it because no evidence exists establishing a manufacturing defect in the ballast. Plaintiffs argue that they are not required to identify the exact and precise nature of the defect under a breach of warranty claim.

■ In *Holloway*, the Michigan Supreme Court analyzed the plaintiff's burden of proof in a case claiming a manufacturing defect under a breach of implied warranty theory. The *Holloway* court set forth the plaintiff's burden as follows:

A plaintiff has the burden of establishing that when the product left the manufacturer it was defective. He is not, however, obliged to eliminate all possible causes of the accident consistent with the view that there was no manufacturing defect. He sustains his burden when he establishes with direct or circumstantial evidence a reasonable probability that the defect is attributable to the manufacturer.

*Id.* at 780 (footnotes omitted); *see also Vanderberg v. General Motors Corp.*, 96 Mich. App. 683, 293 N.W.2d 676, 679 (1980). The court went on to explain that under this burden of proof, a plaintiff is not required to identify a specific defect. *Holloway*, 271 N.W.2d at 781–783. Thus, the plaintiff must provide direct or circumstantial evidence that "adequately supports a reasonable inference that the accident was probably caused by a defect attributable to the manufacturer." *Id.* at 782.

In this case, plaintiffs contend that the ballast overheated, causing the fire. Plaintiffs have submitted two experts' opinions that the fire was caused by the ballast overheating. These experts also state that they ruled out the possibility that the fire was caused by an electrical or heating malfunc-

tion. With this evidence, plaintiffs have met their burden of showing that a genuine issue of material fact remains for the jury. This Court cannot say that no reasonable jury could infer from this evidence that the fire was probably caused by a defect in the ballast attributable to Advance. Accordingly, this Court rejects defendant's argument that, as a matter of law, plaintiffs cannot establish a manufacturing defect under a breach of warranty theory.

■ Next, the Court must consider whether plaintiffs have submitted sufficient evidence to establish a genuine issue of material fact on the negligent manufacturing claim. There is a distinction between the elements of negligence and breach of warranty. *Squibb & Sons*, 273 N.W.2d at 479. While a breach of warranty claim tests the fitness of the product, "a negligence claim tests the defendant's conduct instead of the product to determine whether it was reasonable under the circumstances." *Gregory*, 538 N.W.2d at 329. Under a negligence theory, "plaintiff must prove that the defect was caused by the manufacturer's negligence." *Squibb & Sons*, 273 N.W.2d at 479–480.

■ Advance argues in its motion for summary judgment that plaintiffs cannot prove that Advance negligently manufactured the ballast. Plaintiffs' response brief merely defends their manufacturing defect claim under an implied warranty theory without providing evidence or argument in defense of their negligent manufacturing claim. The Federal Rules of Civil Procedure 56(e), states, "when a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial." *See also Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Since plaintiffs have provided no evidence which would raise a genuine issue of fact regarding defendant's alleged negligent manufacturing, this claim shall be dismissed pursuant to Rule 56(e).

## B.

■ A plaintiff bringing a design defect claim must prove that the defendant failed to use reasonable care in making its design choices. *Gregory*, 538 N.W.2d at 329–330 (citing *Prentis v. Yale Mfg. Co.*, 421 Mich. 670, 365 N.W.2d 176 (1984)). In other words, plaintiffs must show that Advance "knew or should have known of the design's propensity for harm." *Id.*, 538 N.W.2d at 330. "A plaintiff who claims that a product was defectively designed has the burden of producing evidence of the magnitude of the risk posed by the design, alternatives to the design, or other factors concerning the unreasonableness of the risk of the particular design." *Lawrenchuk v. Riverside Arena, Inc.*, 214 Mich.App. 431, 542 N.W.2d 612, 614 (1995) (citing *Owens v. Allis–Chalmers Corp.*, 414 Mich. 413, 326 N.W.2d 372, 378–379 (1982)). This proof is required regardless of whether the claim is based on a negligence or implied warranty theory. *Gregory* 538 N.W.2d at 329 (citing *Prentis, supra.*).

As with the negligent manufacturing claim, defendant has argued in its motion for summary judgement that plaintiffs cannot provide evidence of a design defect. Under Rule 56(e), plaintiffs then have the burden to respond to the motion with evidence of the magnitude of the risk posed by the design of the ballast, alternatives to the design, or other factors concerning the unreasonableness of the risk of the design of the ballast. *Lawrenchuk*, 542 N.W.2d at 614 (citing *Owens*, 326 N.W.2d at 378–379). Plaintiffs have not submitted any evidence to support their design defect claims. Therefore, plaintiffs have failed to offer evidence which would raise a genuine issue of material fact concerning a design defect. Plaintiffs' design defect claims shall be dismissed pursuant to Rule 56(e).

## C.

Defendant asserts, as to all of plaintiffs' claims, that plaintiffs cannot prove that the ballast caused the fire. Thus, even assuming *arguendo* that plaintiffs can prove the other elements of their claims, if they cannot prove causation, defendant will prevail.

To prove causation, plaintiffs must first prove cause in fact: "that 'but for' the defendant's actions, the plaintiff's injury would not have occurred." *Skinner v. Square D. Co.*, 445 Mich. 153, 516 N.W.2d 475, 479 (1994). As in *Skinner*, because no one witnessed the ignition of the fire, plaintiffs must use circumstantial evidence to prove cause in fact. *Id.* 516 N.W.2d at 480. "To be adequate, a plaintiff's circumstantial proof must facilitate reasonable inferences of causation, not mere speculation." *Id.* The *Skinner* court further explained as follows:

> We want to make clear what it means to provide circumstantial evidence that permits a reasonable inference of causation. As *Kaminski [v. Grand Trunk W.R. Co.*, 347 Mich. 417, 79 N.W.2d 899 (1956)]* explains, at a minimum, a causation theory must have some basis in established fact. However, a basis in only slight evidence is not enough. Nor is it sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory. Rather, the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred.

*Id.* at 480 (footnote omitted).

Following *Skinner*, the Sixth Circuit Court of Appeals recently stated the rule as follows:

> Where the evidence indicates that it is as likely that the incident was caused by factors other than those asserted, a verdict for the defendant is mandated since otherwise a verdict would be based on speculation and conjecture.

*American & Foreign Ins. Co. v. General Elec. Co.*, 45 F.3d 135, 140 (6th Cir.1995) (citations omitted).

Thus, where it is *as likely as not* that plaintiffs' injuries were caused by factors other than those claimed by plaintiffs, a judgment for defendant is required because a judgment for plaintiffs would be based on speculation and conjecture. Plaintiffs must submit substantial evidence from which a jury may conclude by a preponderance of the evidence that, but for the defendant's conduct, the plaintiffs' injuries would not have occurred.

For the reasons discussed in Section III. A. of this Opinion, the Court finds that plaintiffs have submitted sufficient evidence from which the jury could conclude that the ballast caused the fire.

## IV.

For the foregoing reasons, the Court will grant defendant Advance's motion for summary judgment on plaintiffs' negligent manufacturing claim and design defect claims and deny the remainder of the motion.