George **MOISENKO, in his capacity as the Personal Representative of the Estate of Jutta Moisenko, deceased, and individually, Plaintiff,**

v.

**VOLKSWAGENWERK AKTIENGE-SELLSCHAFT aka Volkswagenwerk Gmbh, a corporation of the German Federation Republic, Defendant.**

**No. 5:96 CV 49.**

United States District Court, W.D. Michigan, Southern Division.

June 8, 2000.

Raymond R. Behan, Michael R. Behan, Schram, Behan & Behan, Okemos, MI, for Plaintiff.

Peter R. Tolley, David L. Harrison, Tolley, VandenBosch, Walton, Korolewicz & Brengle, P.C., Grand Rapids, MI, for Defendant.

## OPINION

ENSLEN, Chief Judge.

This diversity action arises out of an automobile accident in which it is alleged that a design or manufacturing defect in the rear door latch of a Volkswagen Euro-Van caused the death of Jutta Moisenko. Defendant Volkswagen Aktiengesellschaft ("Volkswagen") is the manufacturer and designer of the Volkswagen EuroVan. Plaintiff George Moisenko, husband of the decedent, brings this action as the personal representative of Mrs. Moisenko's estate, and individually.

### Procedural Background

In an Opinion issued in September 1998, this Court excluded the testimony of Mr. Moisenko's proposed expert witness Donald Martus and ordered judgment in favor of Volkswagen. That Opinion was appealed to the Sixth Circuit Court of Appeals, which affirmed this Court's decision to exclude Mr. Martus' testimony. The Court of Appeals reversed the grant of summary judgment in favor of Volkswagen and remanded this action back to

this Court because "the district court abused its discretion in dismissing this action without giving Mr. Moisenko an opportunity to argue whether genuine issues of material fact remained as to the crash worthiness of the Eurovan." *Moisenko v. Volkswagenwerk Aktiengesellschaft,* 1999 WL 1045075, at *6 (6th Cir.1999). In the wake of the Court of Appeals' decision, Volkswagen filed a summary judgment motion pursuant to FED.R.CIV.P. 56 and, consistent with the Court of Appeals' opinion, this Court allowed Mr. Moisenko 28 days to respond.

### Factual Background

■ This action arises out of a fatal automobile accident that occurred on December 8, 1995 in Allegan County, Michigan. Mrs. Moisenko was seated in the rear of a 1993 Volkswagen EuroVan when it slid on a patch of ice, crossed the median and came to a rest in the northbound lane of U.S. 131.[1] The EuroVan was struck at the midpoint of the driver's side by a car driven by Barbara Culver at a speed of 35 miles per hour. At some point after impact, the rear hatch of the EuroVan opened and Mrs. Moisenko exited the vehicle through the rear hatch and struck her head on the pavement. Mrs. Moisenko died from these head injuries the next day.

Mr. Moisenko asserts that Mrs. Moisenko's injuries occurred because the EuroVan's rear hatch was not crash worthy due to a design or manufacturing defect. Mr. Moisenko argues that the rear hatch opened because the latch disengaged from the striker plate that secured the rear hatch to the body of the car. He argues that if the rear hatch was crashworthy, Mrs. Moisenko would have survived the accident.

### Legal Standards

This Motion for Summary Judgment is brought pursuant to Federal Rule of Civil Procedure 56. Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If, after adequate time for discovery on material matters at issue, the non-movant fails to make a showing sufficient to establish the existence of a materially disputed fact, summary judgment is appropriate. *Celotex Corp.,* 477 U.S. at 323.

Rule 56 limits the materials the Court may consider in deciding a motion under the rule: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995) (quoting Federal Rule of Civil Procedure 56(c)).

■ The Sixth Circuit has held "that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." *Moore v. Hol-*

---

1. The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are

jury functions. *Adams v. Metiva,* 31 F.3d 375, 382 (6th Cir.1994). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548 (quoting *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505).

*brook,* 2 F.3d 697, 699 (6th Cir.1993). Thus, in resolving a Rule 56 motion, the Court should not consider inadmissible expert testimony, *North American Specialty Ins. Co. v. Myers,* 111 F.3d 1273, 1280 (6th Cir.1997).

### Analysis

The Court will address Mr. Moisenko's design and manufacturing defect claims in turn.

 Under Michigan law, a plaintiff who claims that a product was defectively designed must produce evidence of the magnitude of the risk posed by the design, alternatives to the design and other factors concerning the unreasonableness of the risk of the design. Estate of *Triplett v. General Electric Co.,* 954 F.Supp. 149, 152 (W.D.Mich.1996) (quoting *Lawrenchuk v. Riverside Arena Inc.,* 214 Mich.App. 431, 435, 542 N.W.2d 612 (1995)). *See also Owens v. Allis–Chalmers,* 414 Mich. 413, 429–432, 326 N.W.2d 372 (1982). This is commonly referred to as the risk-utility test.

Mr. Moisenko argues that the striker plate was designed defectively because it had a flat ending which did not eliminate unreasonable risks of injury. He argues that in 1993, striker plates with that design had been superseded by striker plates with rolling ball endings. Specifically, Mr. Moisenko asserts that if the EuroVan had a striker plate with a rolling ball ending, the "transfer of loads associated with a 35 mile an hour accident could have been redirected and would not have caused the striker and latch to disengage and the latch to break." Response Brief at 16. To show a genuine issue of material fact on a design defect claim, Mr. Moisenko must offer evidence supporting this assertion. Mr. Moisenko can offer no expert on this issue and has pointed to no evidence that supports

this assertion. Instead, he has relied on mere speculation.[2]

Mr. Moisenko points to *Holloway v. General Motors,* 403 Mich. 614, 271 N.W.2d 777 (1978) to support his contention that expert testimony is not necessary where there is no dispute that the product failed. *Holloway* stands for the proposition that in some limited instances, a design defect can be proven through circumstantial evidence. This Court need not determine if *Holloway* is still good law in light of the more recently established risk-utility test, because this case is easily distinguishable from *Holloway.* In the *Holloway* trial, expert testimony established "that something was inherently wrong with the ball joint assembly such that it was unable to withstand *an impact it should have withstood." Id.* at 625, 271 N.W.2d 777 (emphasis added). Here, unlike *Holloway,* there is no expert testimony that the latch was unable to withstand an impact it should have withstood.

It is obvious that any latch can be overloaded if it sustains enough force, but that does not mean that every latch is defective. To determine whether a latch is defective, one must compare the forces that the EuroVan's striker plate should reasonably be able to withstand with the severity of the forces that actually occurred in this accident. This is not a question of "simple physics" as Mr. Moisenko suggests. Such an inquiry cannot be made using only a lay person's common knowledge; it requires the scientific and technical knowledge of a qualified expert witness. In fact, it was because Mr. Martus failed to make these measurements and conduct these tests, that this Court disqualified him as an expert. *See Moisenko,* 20 F.Supp.2d at 1132. Without expert evidence comparing a striker plate with a flat-ending to one with a rolling-ball ending, Mr. Moisenko cannot meet the

**2.** Mr. Moisenko asks that Mr. Martus be allowed to testify as to this as "an expert or a physical engineer." Response at 16. Mr. Martus' standing as an expert in this case was resolved in a prior decision of this Court and will not be revisited here. *See Moisenko v. Volkswagen AG,* 20 F.Supp.2d 1129 (1998).

risk-utility test, and thus cannot establish a design defect. In the absence of such evidence, Mr. Moisenko's design defect claim cannot pass summary judgment based on the simple contention that a design defect existed because the latch failed.

■■■ As to the manufacturing defect claim, it is well-settled that such a claim cannot be proven without expert testimony. To make out a claim for a manufacturing defect, Mr. Moisenko must show that the latch did not perform as intended by the manufacturer. *Holloway,* 403 Mich. at 621, 271 N.W.2d 777; *Prentis v. Yale Manufacturing Co.,* 421 Mich. 670, 683, 365 N.W.2d 176 (1984); *Simmons v. Wilton Corp.,* 1997 U.S.Dist. LEXIS 15747 at 9–10 (W.D.Mich. September 15, 1997) (applying Michigan law); *Austin v. Mitsubishi Electronics America, Inc.,* 966 F.Supp. 506, 513 (E.D.Mich.1997) (applying Michigan law). To prove this, the product must be evaluated against the manufacturer's own production standards, as manifested by the manufacturer's other like products. *Gregory v. Cincinnati, Inc.,* 450 Mich. 1, 13 n. 10, 538 N.W.2d 325 (1995). Mr. Moisenko has offered no evidence that the EuroVan's latch did not meet Volkswagen's standards. Without such evidence, he cannot survive summary judgment on a manufacturing defect claim.

### Conclusion

For the reasons stated above, Volkswagen's Motion for Summary Judgment is granted.

### ORDER

In accordance with the Court's Opinion of this date,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (dkt.# 127) is **GRANTED.**