Elizabeth K. OLSON, Plaintiff,

v.

THE HOME DEPOT, a Georgia Corporation, and the Stanley Works, a Connecticut Corporation, Defendants.

and

The Stanley Works, a Connecticut Corporation, Third–Party Plaintiff,

v.

Fala Enterprises International, Inc., a foreign corporation, Third–Party Defendant.

No. CIV.01–40274.

United States District Court, E.D. Michigan, Southern Division.

June 10, 2004.

John A. Cothorn, Cothorn Assoc., Detroit, MI, for Stanley Works.

Daniel J. McCarthy, Mellon, McCarthy, Troy, MI, for Fala Enterprises Intern., Inc.

### ORDER

GADOLA, District Judge.

## I. INTRODUCTION

Several motions are presently before the Court in this case: (1) Plaintiff's "motion to appeal magistrates [sic] order," filed on January 5, 2004, (2) a motion by Defendants The Stanley Works and The Home Depot filed on December 18, 2003, for reconsideration of this Court's order denying their motion for summary judgment, (3) a new motion by Defendants The Stanley Works and The Home Depot for summary judgment filed on December 16, 2003, and (4) Defendant's motion for entry of an order filed on March 12, 2004. The Court held a hearing on the first three motions on February 13, 2004. The Court will address each motion below.

## II. BACKGROUND

Plaintiff Elizabeth K. Olson was allegedly injured in her home because of a defective hand rail bracket on her stairs. Mrs. Olson fell on her stairs on September 23, 2000. The hand rail bracket was allegedly defectively manufactured by Defendant The Stanley Works and sold by Defendant The Home Depot. The Stanley Works brought a third-party complaint against Fala Enterprises International, Incorporated, claiming that Fala was the manufacturer of the bracket in question.

Plaintiff originally filed this complaint in the State of Michigan Circuit Court for the County of Wayne. Defendants removed the case to this Court on October 3, 2001. The notice of removal indicates that the parties are citizens of different states and the amount in controversy exceeds $75,000. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## III. PLAINTIFF'S MOTION TO APPEAL THE MAGISTRATE JUDGE'S ORDER AND DEFENDANTS' MOTION FOR ENTRY OF ORDER

On December 8, 2003, Magistrate Judge Wallace Capel, Jr. entered an order striking Plaintiff's expert, James Kuhl, and precluding Plaintiff from introducing any other liability expert in this matter. The Magistrate Judge did so based on Plaintiff's failure to provide the expert report prepared by Mr. Kuhl and Plaintiff's failure to provide the expert for deposition in spite of six notices for the deposition. By striking Plaintiff's expert, the Magistrate Judge effectively disposed of several of Plaintiff's claims because Michigan law, which applies in this diversity action, requires a liability expert for design defect claims.

Plaintiff filed a motion to appeal the Magistrate Judge's order. At the hearing for this motion, the Court brought to the attention of counsel for all parties the case of *Freeland v. Amigo*, 103 F.3d 1271 (6th Cir.1997) and provided all counsel with

copies of this opinion. In *Freeland*, the district court precluded plaintiffs' expert witnesses' testimony and exhibits. The district court did so based on plaintiffs' failure to schedule depositions with the experts and because of Plaintiff's failure to provide a timely final pretrial statement. *Id.* at 1274. The district court then granted summary judgment for defendant. The Sixth Circuit held that the district court "abused its discretion by intervening in the dispute about whether the discovery cutoff date had been waived on the side of defendant and then imposing the most drastic sanction possible upon plaintiffs, who were blameless, and as a result, lost their day in court." *Id.* at 1277. The Sixth Circuit reversed the district court on its decision to preclude the expert's testimony and consequently also reversed the order of summary judgment. The Sixth Circuit noted that "this circuit has been more ready than others to reverse dismissals for the attorney's disobedience to discovery orders, especially when it appears that the party is blameless." *Id.* at 1278.

In the present case, Plaintiff's appeal of the Magistrate Judge's order was untimely. The Court does not need to reach the issue of whether *Freeland* provides the Court with authority to address the merits of the untimely appeal of the Magistrate Judge's order because Plaintiff's counsel withdrew his motion to appeal the order at the hearing. Plaintiff's counsel also withdrew all of Plaintiff's counts in the complaint except for breach of implied warranty. The Court questioned Plaintiff's counsel regarding the consequences of withdrawing the motion and the claims in the complaint. Nevertheless, after being provided with the *Freeland* case and after being questioned by this Court, Plaintiff's counsel persisted in withdrawing both his motion and all of the counts in the complaint except for the breach of implied warranty.

The Court requested that the parties submit a signed proposed order detailing these matters. Defendants' counsel prepared such an order, but Plaintiff's counsel did not sign or return the order to Defendants' counsel. Consequently, Defendants submitted a "motion for entry of order." The motion was served on Plaintiff's counsel on March 11, 2004. Plaintiff's counsel did not respond to this motion. The Court will therefore grant the motion as unopposed. Local R. E.D. Mich. 7.1(b). Therefore, based on the statements of Plaintiff's counsel at the February 13, 2004 hearing and on the unopposed motion for entry of an order, the Court will order the following: (1) the motion to appeal the Magistrate Judge's December 8, 2003 order is withdrawn, (2) Plaintiff may not call any liability expert in this case, and (3) all counts in Plaintiff's complaint except for the claim of breach of implied warranty are withdrawn.

## IV. MOTION FOR RECONSIDERATION

Defendants The Stanley Works and The Home Depot seek reconsideration of this Court's December 12, 2003 order that denied Defendants' motion for summary judgment. To succeed on a motion for reconsideration "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also must show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local R. 7.1(g)(3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F.Supp.2d 661, 668 (E.D.Mich.2001) (Gadola, J.). Moreover, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. Local R. 7.1(g)(3).

In this case, Defendants sought summary judgment on the basis that Plaintiff had not demonstrated a causal relationship between the alleged defect and the damages suffered by Plaintiff. Defendants originally argued in a three-page brief that proof of this element cannot be based on "pure speculation and conjecture" and that Plaintiff's allegations of a causal connection are based on such speculation and conjecture. In denying summary judgment, this Court noted that the Michigan Supreme Court has stated that "[i]t is enough that the plaintiff establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories, although other plausible theories may also have evidentiary support." *Mulholland v. DEC Int'l Corp.*, 432 Mich. 395, 416, 443 N.W.2d 340, 349 (Mich.1989). The Court then determined that "[v]iewed in the light most favorable to the nonmoving party, Plaintiff has established a logical sequence of cause and effect." Order at 6–7. The Court then reasoned that the evidence that the bracket was properly installed coupled with the subsequent broken bracket provided circumstantial evidence for a causal connection between the alleged defect in the hand rail bracket and the fall. "[C]ircumstantial evidence alone can provide a sufficient link between the presence of a likely defect and an injury caused." *Sundberg v. Keller Ladder*, No. 00–10117, 2001 WL 1397290, *7, 2001 U.S. Dist. LEXIS 18390, at *19 (E.D.Mich. Nov. 8, 2001) (Lawson, J.) (collecting and citing Michigan cases).

■ In their motion for reconsideration, Defendants make the same arguments made in their original motion that there is no causal connection between the alleged defect and the injury. Defendants cite no new authority for their argument, but claim that there is a palpable defect in this Court's understanding of the facts. Defendants emphasize that there is no evidence that Mrs. Olson was holding onto the handrail at the time of her fall. The Court considers such arguments as "merely present[ing] the same issues ruled upon by the [C]ourt, either expressly or by reasonable implication." E.D. Mich. Local R. 7.1(g)(3). Consequently, this motion does not meet the standard to warrant reconsideration and the Court will deny the motion for reconsideration.

## V. MOTION FOR SUMMARY JUDGMENT

Defendants also filed a second motion for summary judgment on December 16, 2003. This motion is based on the Magistrate Judge's December 8, 2003 order that struck Plaintiff's expert witness. Defendants claim that Michigan law requires expert testimony in a case involving a claim of design or manufacturing defect. Defendants argue that since Plaintiff's expert witness was struck, Defendants are now entitled to summary judgment on all claims. As this is a matter of law that was promptly addressed to this Court after the witness was struck, the Court will adjudicate the motion even though it was filed after the dispositive motion deadline. Furthermore, Rule 56 allows a defending party to bring a motion for summary judgment "at any time." Fed.R.Civ.P. 56(b). As previously noted, Plaintiff has withdrawn all of the claims except for breach of implied warranty. Thus, the only issue before the Court is whether a claim for breach of implied warranty requires an expert witness under Michigan law.

As the Court noted in detail in the order denying Defendants' previous motion for summary judgment, Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Comm'n,* 968 F.2d 606, 608 (6th Cir. 1992).

The Court has received a response by Plaintiff to Defendants' motion. This response, however, is unsigned and a review of the Court's docket indicates that a copy of the response was never filed with the Clerk's office. In this unfiled response, Plaintiff states that "Michigan law allows for such defects to be inferred from circumstances of the case" and that "Michigan law does not demand that the testimony of an expert be used to prove design defect or manufacturing defect." Resp. at 4. Plaintiff, however, does not cite to any legal authority in the entire response brief. Plaintiff's counsel did cite to several cases at the hearing; these cases will be discussed below.

As this Court has previously noted, under Michigan law a "Plaintiff is required to produce expert testimony demonstrating that the product at issue constituted an unreasonable risk to users." *Caswell v. Air Prods. and Chems., Inc.,* 59 F.Supp.2d 684, 689 (E.D.Mich.1999) (Gadola, J.). The Michigan Court of Appeals explains that "[i]n the absence of expert testimony providing standards for evaluating the relevant risks and advantages of this particular [ ] design, a jury would be denied an objective framework by which to evaluate plaintiff's claim, thus precluding any genuine determination whether the design was

unreasonable." *Lawrenchuk v. Riverside Arena, Inc.,* 214 Mich.App. 431, 434, 542 N.W.2d 612, 614 (1995). In *Lawrenchuk,* the Michigan Court of Appeals affirmed the trial court's summary disposition "in the absence of expert testimony." *Id.* at 434, 542 N.W.2d at 615. The Michigan Court of Appeal's decision in *Lawrenchuk* has been repeatedly cited for the proposition that expert testimony is required under Michigan law. *See, e.g., Maldonado v. Otis Elevator Co.,* No. 212495, 1999 WL 33409923, *2, 1999 Mich.App. LEXIS 2798, at *5 (Mich.Ct.App. Nov. 30, 1999) (unpublished decision) ("Expert testimony is required to establish the design defect."); *George v. General Motors Co.,* No. 193595, 1997 WL 33344927, *1, 1997 Mich.App. LEXIS 3242, at *2 (Mich.Ct.App. Aug. 26, 1997) (unpublished decision) ("Without an expert to testify regarding the alleged design defect ... plaintiff could not make a prima facie product liability case and her claim was unenforceable as a matter of law.").

The Court must determine whether this expert requirement extends to breach of implied warranty claims. At the hearing, Plaintiff cited to a decision from this district that concluded "expert testimony is not necessarily required to prove an action for implied or express warranty" under Michigan law. *Sundberg v. Keller Ladder,* No. 00–10117, 2001 WL 1397290, *8, 2001 U.S. Dist. LEXIS 18390, at *19 (E.D.Mich. Nov. 8, 2001)(Lawson, J.). In *Sundberg,* the district court determined that a claim for breach of implied warranty could proceed, even without expert testimony. The court reasoned that "[t]he requirements for an implied warranty cause of action ... are less stringent" than the requirements of a negligence action. *Id.* at *6, 2001 U.S. Dist. LEXIS 18390, *17. The court noted that "[i]mplied warranty claims do not require the plaintiff to specify the type of defect alleged: the mere showing that

*something* went wrong consistent with the existence of a defect is sufficient." *Id.* (emphasis in original, citing Michigan cases). In addition, the court stated that in an implied warranty action, "[b]ecause the defect can remain unspecified ... expert testimony is often not required. In fact, circumstantial evidence alone can provide a sufficient link between the presence of a likely defect and an injury caused." *Id.* at *8, 2001 U.S. Dist. LEXIS 18390, *19 (citations omitted).

■ Michigan law indicates that the standard for negligence and for breach of implied warranty are distinct. The Michigan Supreme Court has stated that "concepts of negligence and fault, as defined by negligence standards, have no place in warranty recovery cases. Proof of negligence is unnecessary to liability for breach of implied warranty and the lack of it is immaterial to defense thereof." *Piercefield v. Remington Arms. Co.,* 375 Mich. 85, 96, 133 N.W.2d 129, 134 (1965) (citation and internal quotation omitted). The Michigan cases cited above as requiring expert testimony for design defect claims do not address the requirement of expert testimony in warranty cases. Because Michigan law distinguishes between negligence and warranty claims, and because warranty claims require less stringent proof, this Court concludes that the expert requirement does not extend to breach of implied warranty claims.

The Court notes that another court in this district has held that "Plaintiff's inability to prove a design defect claim eviscerates her claim of breach of implied warranties." *Berry v. Crown Equip. Corp.,* 108 F.Supp.2d 743, 757 (E.D.Mich.2000) (Rosen, J.). In *Berry,* plaintiff was injured when the forklift she was driving collided with a beam; this collision crushed her foot, which was "resting outside the confines of the operator's compartment." *Id.* at 746. Plaintiff sued the forklift man-

ufacturer, claiming that the forklift was defective for not having a door for the operator's compartment. The district court excluded the testimony of plaintiff's proposed expert regarding a design defect because the proposed expert was not qualified. The Court then held that plaintiff had failed to demonstrate a claim for a design defect. The court in *Berry* decided that there was insufficient evidence for plaintiff to proceed with the claim for breach of implied warranty. The court cited a case from the Michigan Supreme Court for the proposition that "breach of implied warranty and negligence involve identical evidence and require proof of exactly the same elements." *Prentis v. Yale Mfg. Co.,* 421 Mich. 670, 692, 365 N.W.2d 176, 186 (1984) (citation omitted). In *Prentis,* however, the Michigan Supreme Court specifically noted that the holding "is limited solely to its facts" and emphasized that they "do not suggest that implied warranty and negligence are not separate and distinct theories of recovery." *Id.*

Additionally, the Michigan Court of Appeals recently held that "plaintiff's concession that the product was neither negligently designed nor negligently manufactured is not fatal to her claim of breach of implied warranty." *Kenkel v. The Stanley Works,* 256 Mich.App. 548, 556, 665 N.W.2d 490, 496 (Mich.Ct.App. 2003). The Michigan Court of Appeals proceeded to note that:

> "it is within the province of the jury to infer the existence of a defective condition from circumstantial evidence alone ...." *Caldwell [v. Fox,* 394 Mich. 401, 410, 231 N.W.2d 46 (1975) ]. In asserting that the evidence mandated a directed verdict in its favor, defendant emphasizes that no witness testified that the witness saw the [allegedly defective automatic] doors close on plaintiff.

*Id.* at 558, 665 N.W.2d at 497; *see also Piper v. Tensor Corp.,* 71 Mich.App. 658, 661, 248 N.W.2d 659, 660 (Mich.Ct.App. 1976) ("a product may be found defective from circumstantial evidence without a specific showing of a demonstrable defect."). The Michigan Court of Appeals found that this lack of witness testimony was not dispositive and affirmed a jury verdict for plaintiff. Given the limited holding of *Prentis* and the conclusion of the Michigan Court of Appeals in *Kenkel,* the Court concludes that expert witness testimony is not required to proceed with a claim for breach of implied warranty and will accordingly deny Defendants' motion for summary judgment.

## VI. CONCLUSION

To summarize, the Magistrate Judge struck Plaintiff's expert witness and prohibited Plaintiff from adding an expert witness. Plaintiff withdrew his motion to appeal this order. Plaintiff also withdrew all of the claims in the complaint with the exception of the claim for breach of implied warranty. Although Michigan law requires expert testimony for claims of design defect, Michigan law does not appear to extend this requirement to claims for breach of implied warranty. Therefore, the Court will deny Defendants' motion for summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' motion for entry of an order [docket entry 109] is **GRANTED.** Consequently, Plaintiff's motion to appeal the Magistrate Judge's order [docket entry 100] is **WITHDRAWN.** Plaintiff is therefore precluded from bringing a liability expert at trial. Additionally, Plaintiff's claims in the complaint are **WITHDRAWN,** except for the breach of implied warranty claim.

**IT IS FURTHER ORDERED** that Defendants' motion for reconsideration [docket entry 99] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment [docket entry 97] is **DENIED.**

**IT IS FURTHER ORDERED** that a renewed proposed joint final pretrial order must be filed by **July 19, 2004.**

**IT IS FURTHER ORDERED** that the joint final pretrial conference in this matter shall be held on Monday, July 26, 2004 at 2:00 p.m.

**IT IS FURTHER ORDERED** that trial shall be set for the trial term beginning **August 2, 2004.** This is a jury trial. This Court uses a trailing trial docket and it is the responsibility of counsel to maintain communication with the Court's Deputy Clerk to ascertain the position of the case on the Court's trial docket.

**SO ORDERED.**